UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CORNELIUS JOHNSON, <br><br> Plaintiff, <br><br> v. <br><br> LT. M. SICKAFOOSE *et al.*, <br><br> Defendants. | CAUSE NO. 1:20-CV-381-DRL-SLC |

OPINION & ORDER

Cornelius Johnson, a prisoner proceeding without a lawyer, filed an amended complaint under 42 U.S.C. § 1983 (ECF 7). Under 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief, bearing in mind that "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

According to the complaint and attachments, a disciplinary hearing was held on September 14, 2020 at the Allen County Jail in which Mr. Johnson was accused of multiple violations of jail rules. He says he got into an argument with the disciplinary board members, Officers Lake and Kramer (first names unknown), during the hearing and was removed from the room before it concluded. He alleges that the two officers lied and said he had pleaded guilty to several offenses. As a result of the guilty findings, he was required to serve 65 days in disciplinary segregation. He claims that he tried to appeal the guilty findings, but Lieutenant M. Sickafoose mishandled his request for an appeal form, thereby violating his federal due process rights. He complained to several high-ranking officials about what occurred, but he says they did nothing to help him. Based

on these events, he sues Lieutenant Sickafoose, the Jail Commander, the Sheriff of Allen County, the Sheriff's Department, and the City of Fort Wayne, seeking $3.5 million in monetary damages.

On review, Mr. Johnson fails to state a claim for relief. As a preliminary matter, his assertions about the disciplinary hearing appear to be based on a misreading of the record. The disciplinary hearing report he attaches to the complaint shows that the disciplinary board members accurately recorded that he pleaded "not guilty" to all eleven disciplinary infractions (ECF 7-1). Although the attachments reflect that they offered him a plea agreement, their report reflects that he declined it, and that he was found guilty based on the evidence.

Moreover, he alleges that his disciplinary hearing appeal rights were violated, but this is not a right guaranteed by the federal due process clause. *See Wolff v. McDonnell*, 418 U.S. 539, 564-71 (1974); *see also Sanchez v. Miller*, 792 F.2d 694, 702 (7th Cir. 1986) (observing that *Wolff* "sets forth specific minimum procedures and expressly leaves the development of additional safeguards to the discretion of the prison authorities"). A violation of jail procedural rules regarding disciplinary appeals would not state a claim for relief under § 1983. *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (inmate's claim that hearing officer failed to follow internal policies and procedures in prison handbook had "no bearing on his right to due process"). He mentions in passing that Lieutenant Sickafoose acted "in retaliation for a[n]

excessive force claim," but he does not provide any factual content from which the court could infer a plausible First Amendment claim against this officer.[1]

His claims against the Jail Commander, Allen County Sheriff, Sheriff's Department, and City of Fort Wayne appear to be based on a *respondeat superior* theory—namely, that these defendants are liable for "neglect of supervision" of subordinate jail employees—which does not state a viable claim under § 1983. *J.K.J. v. Polk Cty.*, 960 F.3d 367, 377 (7th Cir. 2020). He makes a vague reference to an "unlawful policy or custom," perhaps invoking *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). However, there can be no *Monell* liability when there is no underlying constitutional violation by a state actor; and, Mr. Johnson does not allege a plausible constitutional claim against Lieutenant Sickafoose. *See Word v. City of Chicago*, 946 F.3d 391, 395 (7th Cir. 2020). Additionally, he does not identify what unlawful official policy underlies any potential *Monell* claim, and he describes only this one incident involving himself, which is generally not sufficient to allege a widespread practice under *Monell*. *See Rodriguez v. Milwaukee Cty.*, 756 F. Appx. 641, 643 (7th Cir. 2019); *Dixon v. Cty. of Cook*, 819 F.3d 343, 348 (7th Cir. 2016).

Ordinarily, the court should afford a *pro se* litigant an opportunity to cure his defective pleadings. *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1024-25 (7th Cir. 2013). However, the court is not required to

---

[1] He made similarly vague references to "retaliation" and "excessive force" in his original complaint; and, in giving him an opportunity to replead, the court fully explained to Mr. Johnson that he must provide "a factual basis in the body of the complaint for his claim against each defendant, including as much detail as possible" (ECF 4 at 2).

grant leave to amend where such action would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Mr. Johnson has already been afforded one opportunity to amend his complaint, and the court finds no basis to conclude that, if given another opportunity, he could assert a viable claim against these defendants, consistent with the allegations he has already made.

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A, and DIRECTS the clerk to close this case.

SO ORDERED.

December 1, 2020                                 *s/ Damon R. Leichty*
                                                 Judge, United States District Court